Did I pronounce that correctly? That was a lucky guess. 4-1-3-0-9-5-1, for the appellant, Chad Skarpiak, and for the athlete, Perry Miller. Please proceed. Thank you, Your Honor. Counsel, may it please the court. My name is Chad Skarpiak, Gates, Weiss, Schlosser, and Goebel, representing Mr. Lawuery this afternoon. Mr. Lawuery was convicted after the state announced for the first time at closing argument that the jury could convict him of charges which it did not charge or try. State conduct was such that the trial court on the sidebar told defense counsel that it could declare the state's actions as, quote, BS, unfair, or so far as to say, a sneaky prosecution. For that reason, and for the other reasons which I'll discuss today and in our brief, we'd ask this court to vacate the conviction and remand for a new trial, or alternatively, remand for resentencing. In that same sidebar I just referenced, the court, in declining to grant a mistrial, indicated that it was not doing so because there was no discovery violation in the fourth quarter. To some extent, the sports analogy frames the issue. In sports, we accept, we sometimes applaud, teams hiding the ball, a fake punt, for instance, or a catcher throwing a sign to a pitcher outside the batter's eyes. But in the law, we take a different approach. We say that there can't be any unfair surprises. The prosecution has to tell the defense what it's doing, what it seeks to charge the defendant with, and how it seeks to be going through its prosecution. As the United States Supreme Court stated in Jackson v. Virginia, an individual must have notice of a charge against him and a meaningful opportunity to defend. It is axiomatic that a charge not made or tried cannot sustain a conviction. And that's what happened here. We look at the various statutes that our legislators put in place to protect that constitutional protection. We can see that there was several steps along the way which the state, though it said at closing that it intended to charge Mr. Lowry for that earlier possession all along, didn't follow. For instance, Section 111.3 of our Code of Criminal Procedure requires that the offense be in writing. This was not done. The first instance that defense counsel knew or defendant knew about the new charge of the earlier act of possession occurred at closing when the state announced for the first time the jury can convict based upon that act alone. State also needs to provide a date of the offense as definitely or definitively as it can be done. It means the best information regarding when the offense took place. There is no dispute here that we had two different acts, two different dates of when these acts took place. No dispute that on January 10, 2012, Mr. Lowry was stopped, and that's where officers found the case and the gun inside the car. No dispute that something happened or alleged earlier act of possession occurred on a separate event several days before. The state intended to charge Lowry. Well, under your theory, then, since he wasn't charged with possession of the gun prior to January 10, 2012, should you prevail today on remand? And are you saying that it wouldn't be double jeopardy and the state could charge on remand both for the alleged possession prior to January 10 and the possession on January 10? Well, Your Honor, I would suggest that if the court finds that there was insufficient evidence to sustain the conviction at trial, then yes, it would be a double jeopardy issue. I understand how it would be a double jeopardy issue. You said he has not been charged with possession prior to January 10. I take the court's point. My position would be that the state, you know, it's their decision to have attempted to do this the way they did, and if this court finds that there wasn't insufficient evidence to sustain either conviction, then yes, on remand there should be a double jeopardy issue. Either conviction, what do you mean? Either act, I should say, either event. The state attempted, while there was three written charges, the state basically tried to make it into six. You convict on count one based upon the January 10th or that earlier date. Count two, same thing, either on January 10th or that earlier date, and same with count three. So the state felt the shot here, and if this court finds that there wasn't sufficient evidence to sustain either, then yes, there should be a double jeopardy on remand. That's their decision that they made. Okay, so just so I'm clear then, you're saying that on remand it could be double jeopardy as to both the possession on January 10th and the possession prior to January 10th. I believe so, Your Honor. Even though it wasn't charged with the possession prior to January 10th. That's correct. All right. And that's, you know, it's the due process violation shouldn't act to harm Mr. Lowery on that either. The state decided to proceed in the way it did. It violated his due process rights, but at the same time attempted to say that it had enough to sustain a conviction. So if it didn't, if this court finds that it didn't, you know, that's the state's issue. Okay. So counsel, your position is that although the state took the position starting with closing argument that yes, we have charged him with the earlier incident, your position is they did not do that appropriately, didn't take the proper steps to do that. Absolutely, Your Honor. Okay. Not only not the proper steps, but, you know, counsel's prosecution statements throughout the trial suggested that they even tried to conceal or hide the ball. Even in preliminary hearing, the only evidence that was presented at the preliminary hearing involved the January 10th, 2014 stop. There was absolutely no evidence presented on the earlier alleged stop, and yet the state decided to... Well, my question for you pertaining to that is, so what? Well, Your Honor, it's in our code where you require any felony needs to be presented at a preliminary hearing. Okay. Was there probable cause at the preliminary hearing? Is that what you're arguing, that there wasn't? There was... Well, we couldn't... Are you saying that you wanted them to present more evidence than they did, which would not hold any water as far as I can tell? There was only probable cause established for the January 10th, 2012 stop. There was no probable cause because none was even presented to the court about the earlier alleged act. If they were attempting to create a different charge, which they presented at closing arguments... It seems like to me you're trying to argue both that there was a prior charge and there wasn't a prior charge. You're trying to have it both ways. I think that's fair, Your Honor. Obviously, our main thrust of the argument is the due process violation. But at the same time, you know, the court, the state shouldn't have the benefit of trying to redo something when they stepped over Mr. Lowry's due process rights. So yes, there is a little bit of trying to have it both ways, but I think it's warranted. Well, sometimes trying to have it both ways is good lawyering, so please proceed. I appreciate it. Counsel, I don't want to leave the preliminary hearing issue quite yet. I want to make sure that's well defined. So your position is that they offered no evidence regarding this alleged felony at the preliminary hearing as they're required to do? Absolutely, Your Honor. So there was no testimony about his statement that he had touched the gun a few days earlier? There was none. And so what's the remedy, if that is the case, if you can establish that there was no evidence presented at preliminary hearing regarding that offense that the state, starting in the closing argument, according to you, said that you charged him with? I think the remedy is to vacate and remand for new trial based upon that violation. Okay, well, again, what case or statute are you citing to support a theory that it was incumbent upon the state at the preliminary hearing to present evidence about the possession prior to January 10th? I'm unaware of any case or statute which would make it incumbent upon the state to do so. The state at closing declared that Mr. Lowry's earlier alleged act of possession constituted in and of itself a felony for those three counts. 725.511.2 requires that a preliminary hearing or grand jury indictment be issued prior to the prosecution of a felony. It needs to happen. People v. Velez, which is cited in our brief, only offenses shown by the evidence presented at preliminary hearing can be subsequently pursued by the state. There was no evidence of that earlier alleged act at the preliminary hearing. Simply was none. All the preliminary evidence was on the January 10th stop. And Counsel Velez cites to Redmond, which is really the seminal case on this issue, and there is an exception if the charge is filed after the preliminary hearing and relates to the same transaction. There's an exception. It's a little bit different in those instances. Would you agree? The exception, if there is an exception there, Your Honor, it does not apply to this case. Because it was at the time that the counsel of this state tried to file these charges, it wasn't in writing, and it was done at the very last minute. After all of our evidence, argument was used at trial, defense counsel had nothing, was not able to do anything except for ask for a mistrial. There's also issues about joinder, if this was properly joined or not. Section 111.4 says that offenses cannot be joined in the same charging instrument unless there's a comprehensive transaction. There's absolutely no allegations of this. There was nothing put in those charges to say that this was a comprehensive transaction. The state said that these were two separate incidents, not one overarching incident which they can convict of, but two separate incidents which they can convict separately of. So it couldn't have been underneath the same charging instrument. Much less the same counts as they attempted to do. On a related issue, giving 3.01, it would appear, at least based on the record that I've seen, that there was no confusion as to the date of the offense in terms of witness testimony. But the court gave 3.01 anyway, and it would seem that maybe that shouldn't have been given. That may be questionable. However, it only would be reversible error, according to case law, if there was an inconsistency between the date charged in the information and the evidence presented at trial. According to the Thrasher case, that would have to have led to the defendant being misled in presenting his defense. So how would the manner in which the state proceeded here have resulted in the defendant being misled in presenting his defense? Sure, Your Honor. I think it stems from the very inception of the case. Defense counsel and defendant has the opportunity to make sure that a charge has probable cause before it can even be presented to the court or to a jury. They have the ability to challenge the propriety of the causes if it's been improperly joined or not, which we propose it is. And, you know, strategy at trial may have been different. It's really difficult for me to go now or this court to go now and try to go through the entire trial and see where defense counsel may have done things differently because the state didn't bring the charges properly. I think it's incumbent upon the state to ensure everything is done right the first time around to give defendant an opportunity to fight it head on. Is it incumbent on you to establish some sort of prejudice at this point to suggest where prejudice might have been incurred? Absolutely, Your Honor. We have to show prejudice, and I think prejudice is apparent throughout the entire course of the trial. Prejudice is there because the defense needs the opportunity to challenge these things on the proper course of events. If this was actually charged properly, it may have not even gone past the preliminary stages. I don't understand. The defendant didn't have the right to challenge that the state had evidence that he possessed the gun prior to January 10th, and if so, why not? Defendant knew that. Defendant's counsel knew that. So I'm not sure what you're saying to this court today, how it prevented him from challenging that evidence presented by the state at the time of trial. Explain, please. Absolutely. It had the opportunity to challenge that evidence in a circumstantial evidence type of manner. That's what the state was bringing along all the time was that this earlier possession, these earlier acts, was circumstantial evidence of knowledge as to the January 10th stop. Okay, and what was the defendant deprived of with regard to the state's evidence of the prior possession? What would the defendant have done differently since he knew that he possessed it? His counsel knew that the state was going to present evidence that he possessed it. As an initial matter, whether or not he possessed it is contested. He states that he did not. It was just a confusion, and I take him at his word for being a felon and having to be a police guard in the back of the station and being asked questions. Okay. So that was certainly contested at trial. However, prejudice comes from the missing opportunity to defend this case from the inception. Counsel may have had a different strategy. Counsel may have asked for bifurcation. Like what? I'm asking for an example. Attempting to get that charge kicked out. If he asked for a bifurcation, he would be asking for another charge to be actually filed by the state. He would be asking for his client to be charged with two separate felonies for two different dates instead of on the date of January 10th. Is that what you're saying? That's what the state did, was challenge two separate charges. They could have challenged this at the preliminary hearing. They had a court determine whether or not there was sufficient evidence. You're seeming to be saying he should have been convicted of an offense, say, I don't know what the date was, for January 8th and January 10th instead of just January 10th. The state asked for that. That's what his closing arguments were. You can either convict him of the January 8th or the January 10th. The state asked for two different convictions, and the court denied it? They asked for two separate convictions, and the court allowed it. That's what went to the jury. Okay, well, I'm really confused. What did he get sentenced on? He got sentenced on, well, actually, that's another point, Your Honor. I don't know what he got sentenced on. I don't know if he got convicted of the January 10th conviction or if he got convicted of the January 8th. How many sentences did he get? He got one sentence, Your Honor. They all merged into the armed habitual criminal. Okay, so if I get your theory that he was charged with an offense, and I'm going to say January 8th because we don't know exactly the date, and he was charged with an offense on January 10th, and he was convicted of an offense that was committed on the 8th and on the 10th, and yet it ended up in one combined sentence. Yes. All right. And the prejudice, Your Honor, is because you had the state announce to the jury, without giving defense an opportunity to even contest this, to pass by, pass beyond the ability to have a preliminary hearing on it to determine whether or not it's been properly joined. All of that passed by that and went to the jury and said, no, guess what? He said, or the officer said, I possessed a gun. That's enough to convict him. There's issues with that as well. The corpus electi, using, telling the jury you can convict based upon a statement alone, which is a mis- that's not correct in law. You need to have other evidence. But they didn't, you know, the state didn't say that. They said you can convict him based upon that earlier statement. Counsel, would defense counsel in this case have been entitled to have these cases tried separately? I mean, you can't join, generally speaking, only under limited circumstances, offenses that happened on different dates. I believe that's correct, Your Honor. That's, you know, even 111-4 says you can't put them in the same charging instrument. But that can be waived. That can certainly be waived, and we weren't given the opportunity to do any of that. The state, by doing this, went beyond, went around, didn't end around, many different protections that were in place, not to mention constitutional protections. I'd like to touch upon, I just have a few minutes left, I'd like to touch upon the sentencing parts of this, of our brief. At sentencing, Mr. Lowry was convicted of 15 years on the armed habitual criminal offense. That offense, that offense itself, has elements of prior convictions. So, in this case, forcible felonies. At sentencing, the trial court, after hearing no aggravating evidence from the state, there was no aggravating evidence put into play. The only issue, the only act that was here was mere possession. And even then, it was a black gun case in a black interior vehicle at night. It wasn't his vehicle. But besides that point, the trial court stated, I do believe as a fair and just appropriate sentence, based just on his criminal history and criminal record alone, is 15 years. And in the instance where there's no aggravating conduct from the state, we just had mere possession, the trial court here used prior offenses, which were elements of the offense, to boot up his sentence to 15 years. We think that is an error, and the state has suggested that we take this in isolation by just that statement alone. But I think if you look at the record as a whole, the court was focused primarily upon his previous convictions, which, again, were part of the underlying offense. So therefore, they are ineligible for booting up or enhancing the sentence. In only a mere possession, Class X was a range of 6 to 30 years. And on a mere possession, where there was no aggravating evidence, he sentenced Mr. Lowry to a term of fully half of the authorized sentence provided by the Class X. We believe that this was focused upon, again, the convictions, which were the elements of the charge, and therefore should be reversed by this court. No further questions? I'll wait for rebuttal. I see none, counsel, but you will have rebuttal. Thank you. Thank you. Please proceed. May it please the court, defense counsel, My name is Perry Miller, and I'm here on behalf of the State's Attorney Appellate Prosecutor on behalf of the State of Illinois. Could you tell us at the outset here, what did the jury find Mr. Lowry guilty of? Mr. Lowry was found guilty of armed habitual criminal act. He was also found guilty of unlawful possession of a weapon by a felon, and also a third count, aggravated unlawful possession of a weapon and use by a felon. I understand those were the charges filed. But what conduct did the jury find the defendant had engaged in? The conduct that was alleged in the information, it was alleged in statutory terms. The information alleged on about January the 10th that the defendant had normally possessed a firearm, and that he had been previously convicted of a felony. And as to the next allegation that was alleged by the State, it was also couched in statutory terms. The State alleged that the defendant had committed, excuse me for a minute, that the defendant had committed a felony. The State alleged that, in count two, the State alleged that the defendant committed the offense of aggravated unlawful use of a weapon, and that the defendant normally carried about his person or his vehicle, a firearm, at a time when he was not on his own land or his own abode, a fixed place of business, and the defendant had not issued a current valid firearm identification card, and the defendant had previously been convicted of a felony. Did the jury find that the defendant had possessed a firearm on January the 10th or two days prior? The way that the information was alleged, it alleged that on about January the 10th. So a determination cannot be made exactly what the jury found. The jury did find the defendant guilty. There was one offense charged in each count. The theory of the State's case was that the defendant had actual possession of the gun on January the, on about January the 10th during a traffic stop, constructive possession. A few days prior thereto, the defendant had admitted that he also held the firearm. So the State's theory was that the defendant had committed an offense and that either act of actual possession was proven and constructive possession was established that the defendant had possessed the firearm. The prior act, would that have supported a separate charge? The prior act, yes. And we don't know which act the jury found the defendant guilty of, is that right? That is correct. Do you agree, ma'am, that normally these offenses could not be tried together unless you had some waiver of the joinder requirements? Yes. You do agree with that? That they could not be tried together? Yes. Do you think the prosecutor's argument was problematic in telling the jury, Mr. Defendant possessed this weapon on a few days before January 10th and that in and of itself shows that he's guilty? Is that a problem? Seems like it could be. There was also other evidence. The State did make the statement that the defendant had confessed that he had possessed the weapon a few days prior thereto. The evidence also showed that was one remark that the State made. And it was based upon the defendant having admitted to the officers after his arrest that he had held the gun. And so based upon that, the State argued that that was actual possession. And that he was also a felon. Now that we're on jury instructions, how about the prosecutor's instruction that the court approved, saying to the jury in closing argument on this knowledge instruction, good luck with that when lawyers take 50 words to say what we all know could be said in two or three, that's kind of a problem for the State, isn't it? Well, that comment that the State made wasn't meant to have the jury to not follow the jury instruction. The State made the comment that a lot of times that lawyers will get lengthy with the instructions and that you should use your common sense. But the State maintains that that would not have constituted prejudice against the defendant. The State in no way tried to advise the defendant or the jury to not follow the jury instruction of knowledge that was given to the jury during this deliberation. Okay. It seems like to me, though, if the prosecutor says to the jury good luck with that one, that implicitly is arguing like it's pretty much not understandable. Don't pay attention to it. Use your common sense and forget about the instruction. But indeed, your argument that that may be harmless may have some merit. Please move on to something else. We've got lots of things to cover. As to the standard, as far as going back to the information, how the case was filed, the defendant was not blindsided in the end of closing argument. In the opening statement of the State's, the State mentioned the traffic stop. The State also mentioned that the defendant had previously held the gun a few days prior and had admitted to that. During that sidebar, one of the things that was discussed was the fact that the State maintained that the defendant had noticed that the defendant had previously held the gun. Through discovery, through other matters that the defendant had before going to trial. And so the standard with the defendant now objecting the first time after trial was whether the defendant was actually prejudiced. The defendant was not prejudiced in the defense. The defendant was actually able to present a defense in that when the defendant got on trial and testified, he denied that he had actually made the statement. That when he made it, he was confused by how the officers had ended up asking him the questions. So as far as the defendant being tried on an uncharged offense, the defendant was aware. And defense counsel could have, if he had any questions, to have filed a bill of particulars and asked more specific information. Asked for the exact facts that the State was alleging constituted the possession. The defendant did not. The State maintains that the defendant was properly charged and that it did not have to be a specific date it said on or about. And that is why the trial court maintained that the defendant had sufficient notice as to the charges that were against the defendant. As to... What was the first time that the prosecution at trial indicated that it was seeking conviction on the basis of the conduct that occurred a couple of days prior to January the 10th? The State maintained that all along that that was the State's theory. The State stated when there was a discussion that the State always had maintained on or before that the act of possession of the gun on the 10th, or having the gun later, earlier the defendant admitted to having the gun a few days prior, would, under either act, would sustain a conviction. Did the State during the destruction conference indicate that, that that's the reason why it was asking for 3.08? The State requested it and said that it was requesting it because of on or about and to have that instruction so that the State would not be required that it had to prove that the offense happened on a specific date. And so did the State make it clear that it was requesting that instruction because it was seeking to have the defendant held accountable for the conduct that occurred on the 10th? Two days prior to the 10th and or the January 10th conduct? The State didn't exactly say that. The State maintained that that had been its theory all along. And the court stated that since the State and the information had alleged on or about January the 10th, that jury instruction 3.01 would be appropriate to give. And so the trial court decided that that instruction was proper to give since the State was not required to prove a definitive date and the defendant was aware of that. Well, at the time of the instruction conference, when the court is asked to give 3.01, was there any evidence at that point or any suggestion made by the State that it was appropriate to give it because there was some ambiguity as to the date of the offense? Because just based on what I've seen in the record, January 10th was the only date that was asserted as the date that the defendant was being sought to be convicted of, the offense on that date. Was there anything in the evidence that suggested it occurred on a different date that would have supported the court giving 3.01? As far as the traffic stop on January 10th, that was a definitive date. But also at trial, evidence was presented that the defendant had held the gun, possessed the gun, several days prior to the January 10th traffic stop. That evidence was established at trial. But at the jury conference, no, the State did not specifically state that it was alleging a different date than January 10th. The State did state that its theory all along was that it could be on or about January 10th that the defendant had committed the offenses as charged. As to the trial court, the trial court did not have any evidence that the defendant had committed the offenses as charged. Imposing a 15-year sentence, that sentence was appropriate, and the trial court did not abuse its discretion. The State had recommended a sentence of 20 to 25 years. The defense counsel recommended a sentence of 6 years. The State imposed a sentence of 15 years, which was within the statutory range. The court, as the defendant points out, did make a statement, I do believe a fair and just appropriate sentence based on just his criminal history and his criminal record alone is 15 years. But that was an isolated statement, and the court and defense counsel did not have any evidence that the defendant had committed the offenses as charged. The defense counsel was responding to the fact that the defendant had maintained that he basically had a non-violent history. And so the court had mentioned different factors of defendants' past. The court also stated that it had considered the pre-sentencing investigation report, evidence presented factors in aggravation and mitigation, and that the defendant had maintained that he basically had a non-violent history. And noted the financial impact. The court did state that the defendant's past and pointed out the drug use and DUI. However, the court did not use the fact that defendant had prior conviction to enhance or double count, as defendant alleged, to increase his sentence to 15 years. The sentence that the court imposed was within the statutory range. It was not excessive, and it was not an abuse of discretion. The state would respectfully ask this court to affirm the judgment of the trial court. Counsel, what about the preliminary hearing issue as far as opposing counsel's representation that no evidence was offered at the preliminary hearing regarding this alleged incident a few days earlier, before January 10th, when the defendant allegedly confessed that he touched the weapon? That is correct. At the preliminary hearing, the incident that was testified to was about the traffic stop on January 10th. So no evidence regarding this other incident? That is correct. But at the same time, Your Honor, at a preliminary hearing, it was established that there was probable cause. And the purpose of a preliminary hearing, one of the purposes, is to be able to promptly find out if there's probable cause so that a defendant won't be detained. But going back to the issue of whether the information that the defendant had provided was sufficient to determine whether the defendant had committed the crime, that is a different issue. That was the issue that the defendant maintained, that it was an uncharged offense. The defendant was aware of the charge against him. He had an opportunity to prepare a meaningful defense, which he did. He testified at the trial that he did hope he had previously made a meaningful defense. But he was confused by the questioning of the officers. Then he stated that he immediately said no, that he had never held the gun. So when you look at the facts of the case, the defendant cannot show how he was prejudiced. He's denying straight that he never held the gun. Therefore, that question was before the jury, whether he had possessed the gun. He stated he had never held the gun. He had not, and that the only reason that during the time that he was questioned and asked about the gun, he was confused at trial and he just mistakenly said yes, and then he changed it to no, that you would not find his fingerprints on it. He never possessed it. Here's a question for you, Ms. Kidd. How do you maintain your position regarding what was offered at the preliminary hearing or what was not offered at the preliminary hearing with the Valez case and the Redmond case as well as Koslow? Yes. Well... Those cases talk about if it's something from the same transaction, then it can still go forward, even though evidence wasn't presented at the prelim. We have a totally separate transaction here. That's true. So that exception would not be an exception. But the state still maintains that the defendant cannot show that he was prejudiced because of what occurred at the preliminary hearing. The defendant had noticed through discovery that these officers had a statement where the defendant acknowledged that he had held the gun prior to the traffic stop of January 10, 2012. Thank you. Thank you, counsel. Rebuttal, please. The state mentioned that it had intended all along to charge the defendant with two separate charges on two separate acts. And that its office knew about it. Well, there are two important people that didn't know about it, and that's the defendant himself and trial counsel. And that's why we have those due process provisions in place. That's why we have those statutory provisions in place. I'd also like to touch on the on or about phrase, which has been bandied about. The on or about, if you think about it, relates to a single event. Black's Law Dictionary defines it as relating to a single pivotal event. For the state to attempt to say that on or about means that it can encompass separate acts which it can charge for separate offenses and convict on separate offenses is an exercise in contortion. On or about referred to that single date. Again, there was no question as to that date. And as I think the court has pointed out, the use of that to try to get the 3.01 instruction in has a little bit of a question to it at the very least. I'd also like to address the State's position about the Bill of Particulars. The Bill of Particulars requires at the beginning a valid charge. There was not a valid charge here for the myriad reasons which I pointed out earlier. But the other question about the Bill of Particulars is what exactly a Bill of Particulars would have done in this situation. As the State has stated, there was a preliminary hearing held which locks them into the charges. They can't go outside that. There was, again, discovery evidence provided to counsel. So the State's attempt to try to say, well, because they didn't act for a Bill of Particulars means that this can go away and there's no error is incorrect. In fact, a Bill of Particulars does not erase away a void charge. What about the State's argument that your client wasn't prejudiced by the fact that nothing was mentioned at the preliminary hearing? Regarding this incident a few days before where he touched the gun. Your Honor, he was prejudiced. He was prejudiced, again, on the opportunity to try to hit this thing head on. If the State attempted to try to bring this up at the preliminary hearing, the issue may have been dissolved at that point. The court might have said, okay, you don't have probable cause for that second charge. And it would have gone away and we would not be here today. Furthermore, it's not just that, but it's also all of the State's conduct at closing. Again, attempting to state that they could convict him based upon just the statement alone, which is incorrect. The statement pointed out by this court earlier that it could disregard the knowledge instruction. And the State tries to clear that away. But I think, taken in context, the prosecutor's statements there were really to disregard knowledge. And knowledge was at the crux of this case. It was constructive possession. It was whether or not he had knowledge of the gun in the car. And again, counsel's attempt to disregard unfairly prejudiced defendant. No further questions? I will rest. Thank you, Your Honor. Thanks to both of you. The case is submitted and the court stands in recess until further call.